UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEPHEN MCDANIEL,

        Plaintiff,

    v.

JOANNE BARNHART,

        Defendant.

No. CV-04-235-FVS

ORDER

**THIS MATTER** comes before the Court on cross motions for summary judgment by the plaintiff, Ct. Rec. 7, and the defendant, Ct. Rec. 14. Mr. McDaniel is represented by Maureen J. Rosette. Ms. Barnhart, Commissioner of the Social Security Administration, is represented by Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney Jeffrey Baird.

### I.    JURISDICTION

Mr. McDaniel protectively filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on December 31, 2001, and January 28, 2002, respectively. (Tr. 192-94, 49-51.) The plaintiff alleged he had an onset date of July 20, 2001. (Id.) His application was denied initially, Tr. 25-28, and on reconsideration, Tr. 31-33. After timely requesting a hearing, the plaintiff appeared before Administrative Law Judge ("ALJ") Richard Hines on May 12, 2003. (Tr. 205-230.) The ALJ issued a decision on

ORDER - 1

May 30, 2003, finding the plaintiff was not disabled and denying his claim. (Tr. 16-21.) The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7.) The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).[1]

---

[1] Certain sections of 20 C.F.R. addressing Title II and Title XVI benefits were recently amended. 68 F.R. 51153. The amendments are applicable to administrative decisions dated on or after September 25, 2003. 68 F.R. 51159. Accordingly, the amendments are not applicable here. Any reference to C.F.R.

ORDER - 2

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, benefits are denied. If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c)), 416.920(c)). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience?

---

sections in this opinion is pre-amendment pending publication of the amendments in April 2004.

ORDER - 3

If the claimant is able to perform other work in the national economy, then he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. At step five, the burden shifts to the Commissioner to show the claimant can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### III.  STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the

evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court cannot affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence, *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); however, if the evidence supports more than one rational interpretation, the Court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1987).

**IV.   STATEMENT OF FACTS**

The facts have been presented in the administrative transcript and will only be summarized here. At the time the ALJ issued his decision, the plaintiff was 43 years old. (Tr. 16.) He has a high school equivalent education. (Id.) His past work experience includes forge helper, temporary laborer, janitor, and ship fitter. (Id.) He alleges he was disabled between July 20, 2001, and August 2002, due to anxiety, depression, stress and bilateral carpal tunnel syndrome. (Id.)

**V.   COMMISSIONER'S FINDINGS**

At Step One, the ALJ found the plaintiff had not engaged in substantial gainful activity since he applied for

ORDER - 5

benefits. (Tr. 22.) At Step Two, the ALJ found the plaintiff's medically determinable impairments, alone and in combination, did not significantly limit his ability to perform work related activities and, therefore, the plaintiff did not have a severe impairment. (Id.) Accordingly, the ALJ determined the plaintiff was not "disabled" within the definition of the Social Security Act. (Id.; 20 C.F.R. §§ 404.1520(c) and 416.920(c)).

## VI. ISSUES

The plaintiff contends the Commissioner's findings are tainted by legal error and not supported by substantial evidence. Specifically, the plaintiff argues there is substantial evidence in the record to support a finding of severe impairment. The plaintiff also argues the ALJ improperly rejected the opinion of the plaintiff's examining physicians. The Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Brawner*, 839 F.2d at 433.

## VII. DISCUSSION

The plaintiff alleges the ALJ erred because there was not substantial evidence in the record to support a finding that the plaintiff's impairments were not severe. The plaintiff argues the record contains substantial evidence to support a finding of a severe impairment, including the opinions of his examining physicians, which the ALJ improperly rejected.

An impairment is severe if it "significantly limits [a

ORDER - 6

claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Basic work activities are "the abilities and aptitudes to do most jobs." 20 C.F.R. §§ 404.1521(b) and 416.921(b). Examples of basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in routine work setting.

20 C.F.R. §§ 1521(b)(1)-(6) and 416.921(b)(1)-(6).

An impairment is not severe when the medical evidence establishes only a slight abnormality which has no more than a minimal effect on the individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)(citations omitted). The plaintiff argues that the opinions of his examining physicians establish conditions that effect his ability to work in more than a minimal manner.

The regulations distinguish among the opinions of three types of physicians: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing or consulting physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

ORDER - 7

In a disability proceeding, the treating physician's opinion is given special weight because he is employed to cure and has a greater opportunity to observe the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. The treating physician's uncontradicted opinion on the ultimate issue of disability must itself be credited unless it can be rejected for clear and convincing reasons. *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001)(citation omitted).

"As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, at 830 (citation omitted). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995).

Here, the record contains a number of exhibits including evaluations by the doctor who performed the plaintiff's surgery, psychological evaluations for the purpose of general assistance eligibility, and other evaluations done for purposes of determining disability. There is no evidence in the record to support the

plaintiff's claim that the opinions of his physicians were improperly rejected.

Dr. Monkman, the plaintiff's treating surgeon, opined in February, 2002, the plaintiff could return to work, although not to the job he previously held. (Tr. 146.) Dr. Monkman's opinion came six months after the plaintiff had surgery to correct carpal tunnel syndrome. The ALJ found no evidence of follow-up treatment after February 2002 and concluded the plaintiff's carpal tunnel syndrome and subsequent surgery imposed no "more than minimal limitations on his ability to perform work-related activity and/or had not lasted in severity for any continuous 12-month period." (Tr. 20.) The record does not indicate the ALJ rejected Dr. Monkman's opinion, but rather he accepted it.

No fewer than five psychological/psychiatric evaluations were done by the Department of Social and Health Services ("DSHS") between July 2000 and June 2001. (Tr. 95-114.) The results of these evaluations varied somewhat between evaluators, but none of the evaluators expected the plaintiff's impairments (either clinical findings or functional limitations) to last for a period longer than six months. (Id.) There is no evidence in the record to suggest that the ALJ rejected the conclusions made in the DSHS evaluations. As the ALJ concluded, these evaluations suggest the plaintiff did not suffer from a severe mental impairment lasting for a continuous 12-month period. (Tr. 20.)

The evidence in the record supports the ALJ's determination that the plaintiff did not suffer from a severe medical impairment. There

is substantial evidence, including the opinion of the plaintiff's treating surgeon and DSHS evaluators, indicating the plaintiff's impairments imposed no more than minimal limitations on his ability to work and the plaintiff's impairments would not last for a continuous 12-month period.  Accordingly,

**It IS HEREBY ORDERED**:

1.  Ms. Barnhart's Motion for Summary Judgment, **Ct. Rec. 14**, is **GRANTED.**

2.  Mr. McDaniel's Motion for Summary Judgment, **Ct. Rec 7**, is **DENIED.**

3.  **Judgment** is hereby entered for the **DEFENDANT.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel and **CLOSE THE FILE**.

**DATED** this ___30th___ day of September, 2005.

>             s/ Fred Van Sickle
>              Fred Van Sickle
>       United States District Judge